**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**RANDALL SCOTT TIFFANY,**

                           **Plaintiff,**

  vs.                                                   3:15-cv-0108
                                                               (MAD/DEP)

**NEW YORK STATE VETERAN'S HOME;
CYNTHIA FAIRCHILD; DEBORAH
MURPHY; BONNIE NORTON,** *Director
Human Resources*; **PHILIP J. DZWONCZYK,**
*Medical Director, Acting Administrator*; **and
SUSAN PARKER,** *Nutritional Services
Administrator 2*,

                           **Defendants.**
_____

**APPEARANCES:**                        **OF COUNSEL:**

**RANDALL SCOTT TIFFANY**
334 Brown Gale Road
McDonough, New York 13801
Plaintiff *Pro Se*

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

Plaintiff commenced this action against the New York State Veterans Home ("Home"), Cynthia Fairchild, a co-worker, Deborah Murphy, identified as a supervisor, Bonnie Norton, the Director of Human Resources, Philip J. Dzwonczyk, the Medical Director and Acting Administrator, and Susan Parker, identified as Nutritional Services Administrator 2. In a Report, Recommendation, and Order, Magistrate Judge Peebles conducted an initial review of the complaint, granted Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP"), and recommended that Plaintiff's complaint be dismissed in part. *See* Dkt. No. 4 at 24.

Currently before the court is Magistrate Judge Peebles' Report, Recommendation, and

Order.

Although difficult to discern the claims Plaintiff makes in his complaint, the essence appears to allege violations of Plaintiff's rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*, and under Title VII of the Civil Rights Act of 1964, as codified by 42 U.S.C. § 2000e *et seq*. Plaintiff's complaint asserts a retaliation claim under the FMLA, alleging he was unlawfully discharged for requesting leave pursuant to the FMLA. *See* Dkt. No. 4 at 9. Plaintiff also asserts that he "felt afraid and threatened," and "felt his health and safety were at risk" in the workplace, which when construed liberally seem to be asserting a Title VII hostile work environment claim. *See* Dkt. No. 1 at 3, 6, 12. Plaintiff seeks relief in the form of retirement benefits earned by him during his thirty-two year employment with the Home, medical insurance coverage for life, and compensatory damages in the amount of ten million dollars.

In his initial review, Magistrate Judge Peebles concluded that the Home has sovereign immunity under the Eleventh Amendment and, therefore, all claims against it should be dismissed with prejudice. *See* Dkt. No. 4 at 19-20. Likewise, Magistrate Judge Peebles recommended that the Court dismiss the damage claims against the remaining Defendants with prejudice to the extent they are sued in their official capacities. *Id.* at 20 n.5. However, Plaintiff's retaliation claim seeking damages against Defendants Dzwonczyk, Norton, Parker, and Murphy in their individual capacities survives, as does the retaliation claim seeking prospective injunctive relief against Defendants Dzwonczyk, Norton, Parker, and Murphy in their official capacities. *Id.* at 17-18, 25. All of Plaintiff's claims against Defendant Fairchild were dismissed without prejudice because she does not fall under the term employer as defined by the FMLA so she cannot be held liable without more information regarding her official position at the Home. *Id.* at 15, 18. Magistrate Judge Peebles recommended that the Court dismiss without prejudice Plaintiff's claim

that he was unlawfully denied his request for FMLA leave as to the claims against Defendants in their individual capacities. *Id.* at 24.

Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] Thus, although the Court has the duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond, . . ." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted), the court also has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action *in forma pauperis*.[2]

When reviewing a complaint, the court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, . . . prepare an adequate defense," and determine whether the doctrine of res judicata is

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[2] "Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915e is appropriate to prevent abuses of the process of the court," *Nelson v. Spitzer*, No. 9:07-CV-1241, 2008 WL 268215, *1 n.3 (N.D.N.Y. Jan. 29, 2008) (citation omitted), as well as "to discourage the filing of [baseless lawsuits], and [the] waste of judicial . . . resources[.]" *Neitzke*, 490 U.S. at 327.

applicable. *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977))) (other citation omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 at 678 (citation omitted).  Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).  Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Having reviewed the Report, Recommendation and Order and the applicable law, the Court finds that Magistrate Judge Pebbles correctly determined that the complaint should be dismissed in part and accepted for filing in part.  The Home and the claims for damages against the individual Defendants in their official capacities are barred by the Eleventh Amendment. Further, Magistrate Judge Peebles correctly determined that the FMLA claim against Defendant Fairchild should be dismissed without prejudice because Plaintiff has failed to plausibly allege that she is an "employer."  Moreover, the Court agrees with Magistrate Judge Peebles that Plaintiff has plausibly alleged facts suggesting that Defendants Dzwonczyk, Norton, Parker and Murphy all qualify as employers under the FMLA in that they have the authority either to hire,

4

fire, supervise, control employee work schedules or conditions of employment, determine pay rates and methods, or maintain employment records. *See Housel*, 6 F. Supp. 3d at 315.

Additionally, when liberally construed, it appears Plaintiff is attempting to allege a hostile work environment as he claims he "felt afraid and threatened," and he "felt his health and safety were at risk." *See* Dkt. No. 1 at 6, 12.

Under Title VII, in order to raise a hostile work environment claim, "a plaintiff must plead facts that would tend to show that the complained of conduct: (1) 'is objectively severe or pervasive — that is, . . . creates an environment that a reasonable person would find hostile or abusive'; (2) creates an environment 'that the plaintiff subjectively perceives as hostile or abusive'; and (3) 'creates such an environment because of the plaintiff's sex[,]'" or because of any other characteristic protected by Title VII. *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (quotation omitted); *Gregory v. Daly*, 243 F.3d 687, 692 (2d Cir. 2001) (indicating that any characteristic protected by Title VII is sufficient to satisfy the third element). In the context of a hostile work environment, courts must also "consider the frequency and severity of the discriminatory conduct, whether the conduct is physically threatening or humiliating, and whether the conduct unreasonably interferes with the plaintiff's work performance." *Salmon v. Pliant*, 965 F. Supp. 2d 302, 305 (W.D.N.Y. 2013) (citations omitted). Furthermore, "a few isolated incidents of 'boorish or offensive use of language' are generally insufficient to establish a hostile work environment." *Id.* (citations omitted).

In the present matter, the Court finds that Plaintiff has failed to plausibly allege a Title VII hostile work environment. On his form complaint, Plaintiff checked the box to indicate that he was bringing this matter pursuant to Title VII. *See* Dkt. No. 1 at 3. Thereafter, however, Plaintiff does not allege any facts that indicate that the alleged hostile work environment or discrimination was related to Plaintiff's race, color, religion, sex, or national origin.

Based on the foregoing, Plaintiff's Title VII claim is dismissed without prejudice.

After carefully considering Magistrate Judge Peebles' Report, Recommendation, and Order, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Peebles' Report, Recommendation, and Order is **ADOPTED**; and the Court further

**ORDERS** that Plaintiff's claims for damages and injunctive relief asserted against the Home are **DISMISSED with prejudice**; and the Court further

**ORDERS** Plaintiff's damage claims asserted against all of the individual Defendants in their official capacities are **DISMISSED with prejudice**; and the Court further

**ORDERS** Plaintiff's FMLA claim asserted against the individual Defendants based on the allegation that his request for FMLA leave was unlawfully denied is **DISMISSED without prejudice**; and the Court further

**ORDERS** Plaintiff's Title VII claims asserted against all Defendants **is DISMISSED without prejudice**;[3] and the Court further

**ORDERS** as follows:

(1) The Clerk of the Court shall issue summonses and forward them with copies of the complaint to United States Marshal, along with packets containing General Order 25, which sets forth this District's Civil Case Management Plan, for service upon the named Defendants.

(2) The Clerk is directed to schedule a Rule 16 conference.

(3) Subsequent to service of process on Defendants, Defendants or their counsel shall file a formal response to Plaintiff's complaint as provided for in the Federal Rules of Civil Procedure.

---

[3] As a result of this Order, Plaintiff's only remaining claim is his FMLA retaliation claim against Defendants Dzwonczyk, Norton, Parker, and Murphy.

(4) All pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was mailed to all opposing parties or their counsel.  Any document received by the clerk or the Court which does not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be returned, without processing.  Plaintiff must comply with any requests by the clerk's office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned district judge with proper allowance for notice as required by the Rules.  Plaintiff is also required to promptly notify the Clerk's office and all parties or their counsel of any change in Plaintiff's address; his failure to do so will result in the dismissal of this action; and the Court further

**ORDERS** that the Clerk of the Court shall serve the parties with a copy of this Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 21, 2015
     Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge